IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHAN HAROLD JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv1002-MHT |
| ) | |
| ) | (WO) |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a motion (Doc. No. 1) to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Nathan Harold Jenkins ("Jenkins") on November 7, 2007.[1]  Jenkins contends that he did not receive a promised downward departure for his assistance to the government in other cases.  Specifically, he maintains that this court applied only a one-level downward departure when sentencing him in 2002 for bank robbery even though he had been promised a two-level departure for his assistance.[2]  Upon review of Jenkins's motion, the court concludes that this case is should be dismissed with prejudice prior to service of process, as the issue Jenkins raises is moot.  *See* Rule 4, *Rules Governing*

---

[1] Though date-stamped by the Clerk as "received" on November 13, 2007, the motion, styled as a "Writ of Habeas Corpus," was signed by Jenkins – and presumptively delivered to prison officials for mailing – on November 7, 2007.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  After this court notified Jenkins that his claims were of the sort properly presented only in a 28 U.S.C. § 2255 motion and advised him that he had the option of dismissing his action if it was not his intent to file a § 2255 motion, *Castro v. United States*, 540 U.S. 375 (2003), Jenkins informed the court that he wished to proceed before the court under 28 U.S.C. § 2255.  (*See* Doc. Nos. 3 and 5.)

[2] *See United States v. Jenkins*, 2:01cr122-MHT (M.D. Ala).

*Section 2255 Proceedings for the United States District Courts.*

## I. DISCUSSION

In October 2001, Jenkins pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). On January 29, 2002, this court sentenced him to sixty-five months' imprisonment for each count, the terms to run concurrently and to be followed by three years of supervised release. On October 30, 2003, the court entered an amended judgment reducing Jenkins's term of imprisonment to fifty-nine months. Jenkins was released from prison in December 2005, and his term of supervised release then commenced. In October 2007, this court revoked Jenkins's supervised release after finding that he had violated some of the conditions of his supervised release by conduct unrelated to the underlying offense of conviction. The court then committed Jenkins to Bureau of Prisons custody for twelve months.

Jenkins's sole complaint in his § 2255 motion is that this court, in originally sentencing him for his bank robbery offenses, applied only a one-level downward departure instead of a two-level departure that he says was promised to him for his assistance to the government. However, Jenkins has served his full term of imprisonment for those offenses, and his current term of incarceration was imposed for violations of his conditions of supervised release. Therefore, his claim – a challenge to the calculation and imposition of his sentence for bank robbery – has become moot.

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel*

2

*v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions that are hypothetical in nature or that do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).

Even assuming arguendo that Jenkins did not receive the full downward departure he claims he was promised, there is nothing left of his sentence for bank robbery to which a departure might be applied. This court can no longer give meaningful relief to Jenkins on the issue he has raised in his § 2255 motion. That issue is now moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (stating that, once a defendant's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained"); *De La Teja v. United States*, 321 F.3d 1357, 1362-63 (11th Cir. 2003) (refusing, in habeas case, to address issue that had become moot by event occurring after filing of suit); *United States v. Acklin*, 156 Fed.App. 147, 148 (11th Cir. Nov. 22, 2005) (unpublished) (citing *Spencer* and *De La Teja* in holding that defendant's challenge on appeal to the calculation and imposition of his sentence were rendered moot by the completion of his sentence).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Jenkins be denied and this case dismissed with prejudice prior to service of process, as the issue Jenkins raises is moot.

It is further

ORDERED that the parties shall file any objections to the said Recommendation file any objections to this Recommendation **on or before February 25 2008**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of February, 2008.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE